### Ex parte GLENN.

#### (Circuit Court, D. West Virginia. September 22, 1900.)

FEDERAL COURTS—HABEAS CORPUS—STATE PRISON.

Where a person has been regularly indicted for the violation of the criminal statutes of a state, and is in the custody of the state authorities, he will not be discharged before trial by a federal court, on habeas corpus, on the ground that he was forcibly and illegally brought within the jurisdiction, but he will be required to submit his rights under the federal laws for adjudication, in the first instance, to the courts of the state.

On Petition for Writ of Habeas Corpus.

C. T. Caldwell, J. G. McCluer, and J. D. Wolverton, for petitioner.
J. F. Laird and C. M. Showalter, for the State of West Virginia.

JACKSON, District Judge. Ellis Glenn, the petitioner in this case, has applied to this court for a writ of habeas corpus to discharge her from the custody of the authorities of the state. The petitioner alleges that she never has been a citizen of the state of West Virginia, and never was in the state previous to the time that she was forcibly seized and removed from the state of Illinois to this state without due process of law. She is indicted in this state for a violation of one of its penal statutes, and it appears from the evidence in this cause that the governor of this state issued a requisition upon the governor of Illinois, under the act of congress, asking for her surrender to the authorities of this state to answer an indictment against her pending in the criminal court of Wood county, and that the governor of Illinois issued his warrant for her delivery and extradition to the agent of this state. The warrant was directed to a legally authorized officer of the state of Illinois, but was never received or executed by such officer, but was delivered to the agent of the state of West Virginia, who, by physical force, seized the petitioner in the nighttime, and removed her from the state of Illinois to the state of West Virginia pending an application of a petition for a writ of habeas corpus in the state of Illinois to inquire into the cause of her detention. This action of the agent of this state was little, if anything, less than kidnapping: He had no right whatever by force to remove the petitioner. His duty was to have delivered that warrant to an officer of the state of Illinois, whose duty it was to execute the warrant, and deliver the prisoner to him. It appears from the evidence that, to prevent the petitioner from having a hearing of her petition before a judge of one of the courts of Illinois, the agent of the state, on or about midnight, took her from the jail of the county in which she was confined, with the

connivance of the jailer, and by force transferred her to a railway station, and put her upon a train, and brought her to this state. Such action upon the part of the agent of the state of West Virginia was an outrage upon the rights and liberty of this citizen, and should not be countenanced by the courts of the country.

But for the fact that there is now pending in a court of this state, of competent jurisdiction, an indictment against the petitioner for a violation of one of the penal statutes of the state, I would be inclined, under the circumstances in this case, to discharge the petitioner. I have heretofore considered this question in the case of Eaton v. West Virginia, which was affirmed and reported in 34 C. C. A. 68, 91 Fed. 760, in which case I held that, where the party was properly and regularly indicted and tried and convicted, a federal court would not interfere unless it appeared that there was some right of the citizen violated that was protected by the federal constitution. We must in this case suppose that the court before whom this party is to be tried will justly administer the law, and see that all the rights of this petitioner are protected. If upon the trial of the case any rights of the petitioner protected by the federal law are violated, then an application for a writ of habeas corpus will be proper, and her rights as fully protected after the trial as before. The supreme court of the United States in several cases, and particularly in the case of Kerr v. Illinois, to be found in 119 U. S. 436, 7 Sup. Ct. 225, 30 L. Ed. 421, held that it is the province of the state courts to decide, upon a case of this character, how far a forcible transfer of a defendant, to bring the party within the jurisdiction of the state court where the offense was committed, may be pleaded in the state court, and it is the province of the state court to decide whether or not the party has been surrendered to the authorities of the state for trial according to the provisions of section 5278 of the Revised Statutes of the United States. From the view that I take of the facts in this case, I feel constrained, under the decisions of the supreme court of the United States, to refuse to discharge the prisoner as prayed for in her petition, and as a consequence must remand her to the custody of the state authorities. It is therefore ordered that the marshal of this district deliver her on the first day of the approaching term of the criminal court of Wood county to the custody of the sheriff of the county, to be taken before that court, and then and there to be dealt with as the judge of that court thinks right and proper in her case.